UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RONALD BROWDY,

                    Petitioner,

-vs-                                                    Case No.  8:07-cv-166-T-17MAP

SECRETARY, DEPT. OF CORRECTIONS,

                    Respondent.
_____/

## ORDER

This cause is before the Court on Petitioner Ronald Browdy's 28 U.S.C. § 2254 petition

for writ of habeas corpus.  Browdy challenges his conviction and sentence for first degree

murder entered by the Circuit Court for the Sixth Judicial Circuit, Pasco County, Florida in case

number CRC98-00328CFAES.[1]

Background

Browdy was indicted for his role in the first degree murder of Curtis Owens. Browdy was

found guilty as charged after a jury trial held November 8-12, 1999. On December 10, 1999,

Browdy was adjudicated guilty in accordance with the verdict and sentenced to life in prison.

Browdy appealed the conviction and sentence.  On January 3, 2001, the state district court of

appeal per curiam affirmed the conviction and sentence in case no. 2D99-4867. *Browdy v.*

*State*, 782 So. 2d 872 (Fla. 2nd DCA 2001)[table].

_____

    [1] He was also sentenced to life in prison on armed burglary and armed robbery convictions in case
no. 98-00034CFAES. All sentences ran concurrently. The judgment in case no. 98-0034CFAES is not
challenged in the instant petition.

Browdy did not seek rehearing; nor did he pursue certiorari review in the United States Supreme Court. On January 24, 2002, Browdy,  through retained counsel, filed a shell rule 3.850 motion for postconviction relief. Because the motion had no substantive claims, the state trial court summarily denied the motion on May 29, 2002. Following denial of rehearing, Browdy appealed, and on October 25, 2002, the state district court of appeal affirmed the summary denial without prejudice to Browdy's filing a facially sufficient rule 3.850 motion within the two-year time limitation. *Browdy v. State*, 829 So. 2d 326 (Fla. 2nd DCA 2002). The mandate issued November 22, 2002.

On February 3, 2003, Browdy, through retained counsel, filed an "amended" motion to vacate under rule 3.850. Subsequent to the state's response to his claims, the state trial court summarily denied the 2003 rule 3.850 motion. Browdy appealed, and on April 12, 2006, the state district court of appeal per curiam affirmed the denial of rule 3.850 relief in case no. 05-5521. *Browdy v. State*, 926 So. 2d 1279 (Fla. 2nd DCA 2006)[table]. The mandate issued May 3, 2006. An improper stale rehearing motion was dismissed on May 23, 2006.

Browdy  filed a pro se 28 U.S.C. § 2254 petition dated January 22, 2007, which is governed by the Effective Death Penalty Act of 1996 ("AEDPA") effective April 24, 1996. The AEDPA imposes a one-year statute of limitations on all habeas corpus petitions. 28 U.S.C. § 2244(d)(1). In most cases, as in Browdy's, the AEDPA's limitations period begins to run from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). *Bond v. Moore*, 309 F.3d 770, 772 (11th Cir. 2002); see also, *Clay v. United States*, 537 U.S. 522 (2003)(concluding, in § 2255 context, § 2244(d)(1)(A)'s reference to a judgment becoming final "by the conclusion of direct review or the expiration of the time for seeking such review" made

it clear that finality, for purposes of § 2244(d)(1)(A), was to be determined by reference to uniform federal rule, rather than to state-law rules, which might differ from general federal rule and vary from state to state).

The time during which a properly filed application for state postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward the limitation period. See 28 U.S.C. § 2244(d)(2); *Artuz v. Bennett*, 531 U.S. 4 (2000). Under *Artuz*, the Court looks to the state procedural rules governing filings to determine whether an application for state post-conviction relief is "properly filed." *Wade v. Battle*, 379 F.3d 1254, 1259-1260 (11th Cir. 2004).

Turning to the instant petition, for purposes of § 2244(d), Browdy's trial-based judgment became final upon expiration of the time for seeking certiorari review following the January 3, 2001, silent affirmance in his direct appeal.[2]  Employing an AEDPA start date of [Monday], March 5, 2001, Browdy allowed an aggregate period of over a year to elapse that was not tolled before he constructively filed his federal petition.

Even if both rule 3.850 motions had been properly filed for tolling purposes, the present federal petition is still untimely under AEDPA.  A period of 325 days was not tolled before he

---

[2] Browdy, in his federal petition, points to the mandate in his direct appeal, overlooking the mandate did not delay finality of the state convictions and sentences. The 90-day window for seeking certiorari review in the Supreme Court is not governed by a mandate. Supreme Court Rule 13(3) provides:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

In Browdy's direct appeal, no rehearing was sought.

filed his first rule 3.850 motion through retained counsel on January 24, 2002.[3] An additional period of 71 days which was not tolled elapsed before Browdy filed his second rule 3.850 motion through retained collateral counsel on February 3, 2003.[4] Thus, by the time he lodged his second rule 3.850 attack, Browdy's AEDPA limitations period for attacking the trial-based judgment had expired. Accordingly, the 2003 rule 3.850 application had no tolling effect. *See Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001)(rejecting the theory that the limitations period was reinitiated upon filing of timely rule 3.850 motion outside limitations period); *see also, Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir.)(rejecting argument AEDPA limitations period tolled for time period prisoner had availed himself of new rule setting two-year limit for ineffective assistance of appellate counsel claims), *cert. denied*, 531 U.S. 991 (2000).

The Supreme Court has never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations. *See Pace v. DiGuglielmo*, 544 U.S. 408 (2005) (because respondent assumed equitable tolling applied and because petitioner was not entitled to equitable tolling under any standard, Court assumed without deciding its application for purposes of case). The Eleventh Circuit has held that equitable tolling can be applied to prevent the application of AEDPA's statutory deadline when extraordinary circumstances have prevented an otherwise diligent petitioner from timely filing his petition. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1312 (11th Cir. 2001). Equitable tolling is an extraordinary remedy that is typically applied sparingly; however, "it is 'appropriate when a movant untimely files because

---

[3] Browdy may not avail himself of the prison mailbox rule in the calculations; both rule 3.850 motions were filed by counsel.

[4] Browdy points to the mandate in his direct appeal, overlooking that the mandate did not delay finality of the state convictions and sentences. The 90-day window for seeking certiorari review in the Supreme Court is not governed by a mandate. See Sup. Ct. R. 13(3).

of extraordinary circumstances that are both beyond his control and unavoidable even with diligence' " *Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002).

Here, the Court need not address whether the preclusive effect of the statute of limitations can be avoided by equity because Browdy's is not a case where extraordinary circumstances have prevented an otherwise diligent petitioner from timely filing his federal petition. In addition to his unreasonable delay before filing his first rule 3.850 motion, Browdy also delayed unnecessarily before filing his second motion to vacate and before bringing his federal petition following issuance of the mandate in the collateral appeal of the rule 3.850 denial. Browdy has not alleged a sufficient basis upon which to conclude he used due diligence in pursuing his grounds and seeking federal habeas corpus relief in a timely manner.

Accordingly, the Court orders:

That Browdy's petition is denied, as time-barred.  The Clerk is directed to enter judgment against Browdy and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id.* "A [COA] may issue ⋯ only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented

were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

The Court will consider a motion to reopen the case, filed within 20 days of the date of this order, if Browdy can show, through record evidence, that he is entitled to equitable tolling.

ORDERED at Tampa, Florida, on April 10, 2007.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record

Ronald Browdy